## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TIFFANY B. LANDRY, ET AL.,**

**VERSUS**

**JIM ROGERS, WARDEN,**
**ET AL.**

**CV. NO. 17-227-JWD-EWD**

**JUDGE JOHN W. deGRAVELLES**

## RULING AND ORDER

This case is before the Court on a Motion to Dismiss filed by the Louisiana Correctional Institute for Women ("LCIW"), a facility operated and maintained by the State of Louisiana through the Louisiana Department of Public Safety and Corrections. ("Motion," Doc. 9). The Motion seeks dismissal of "all claims against LCIW," (*id.* at 1), and a later supplemental memorandum reiterates that "the claims asserted against [LCIW]" should be dismissed, (Doc. 21 at 1). LCIW argues that it is entitled to sovereign immunity under the Eleventh Amendment and that the Court should decline to exercise supplemental jurisdiction over any of Plaintiffs' remaining claims against it. (Doc. 9-1 at 6-7; Doc. 21 at 2-4).

In their initial Opposition, Plaintiffs acknowledge that LCIW is entitled to Eleventh Amendment immunity but ask the Court to exercise supplemental jurisdiction over "pendant [sic] state law claims." (Doc. 15 at 1). In their Response to LCIW's supplemental memorandum, Plaintiffs "apologize with sincere respect that [LCIW] was not omitted from [Plaintiffs'] First Amended Complaint" and "hereby agree to the Dismissal without Prejudice of LCIW." (Doc. 29 at 3-4). In the remainder of the Response, Plaintiffs ask the Court to exercise "supplemental jurisdiction" over their claims against other defendants. (*See, e.g., id.* at 13 ("The direct actions and inaction of the Warden and the three Medical Team Defendants, as well as the policy, practice

1

and pattern cases argued, *infra*, further supports this Honorable Court's proper dismissal of the Defendant's Motion to Dismiss in favor of retaining all Federal and State claims *against each of the remaining Defendants*." (emphasis added))).

Plaintiffs concede that LCIW is entitled to Eleventh Amendment immunity and do not meaningfully argue that the Court should exercise supplemental jurisdiction over claims against LCIW. Indeed, Plaintiffs lament that LCIW was included in the First Amended Complaint and consent to "the Dismissal without Prejudice of LCIW." (Doc. 29 at 3-4); *see also Cozzo v. Tangipahoa Par. Council--President Gov't*, 279 F.3d 273, 280–81 (5th Cir. 2002) ("The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." (citations omitted)); *see also* La. Rev. Stat. § 13:5106(A). For the reasons discussed by the parties, the Court agrees that Plaintiffs' claims against LCIW are subject to dismissal without prejudice for lack of jurisdiction. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum."); *see also Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991) ("[B]ecause the district court did not reach the merits of the case, it was incorrect to dismiss Davis' case with prejudice."); *United States v. Texas Tech Univ.*, 171 F.3d 279, 285 (5th Cir. 1999) ("The Eleventh Amendment's admonition is jurisdictional in nature[.]").

For the foregoing reasons, LCIW's Motion (Doc. 9) is GRANTED, and Plaintiffs' claims against LCIW are dismissed without prejudice for lack of jurisdiction. Because the Motion does not request the dismissal of claims against any defendants other than LCIW, none of Plaintiffs' other claims, whether asserted under federal or state law, are dismissed at this time.

Signed in Baton Rouge, Louisiana, on <u>January 8, 2018</u>.


_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**