# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TIFFANY B. LANDRY, ET AL.

CV. NO. 17-227-JWD-EWD

VERSUS

JIM ROGERS, WARDEN, ET AL.

## RULING AND ORDER

Before the Court is a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) filed by defendants Frederick Boutte ("Boutte"), Jim Rogers ("Rogers"), Dr. John F. Prejean, Jr. ("Prejean"), and Pamela B. Ross ("Ross") (collectively "Defendants"). (Doc. 32). It is opposed. (Doc. 37). No reply brief was filed. For reasons which follow, the motion is granted in part and denied in part.

## PROCEDURAL HISTORY

Plaintiffs are Tiffany B. Landry ("Landry"), Patricia Washington ("Washington"), and Tasco Gilmore ("Gilmore") (collectively "Plaintiffs"). Plaintiffs originally filed suit on April 10, 2017 against the Louisiana Correctional Institute for Women ("LCIW") and Rogers, sued "individually and in his capacity as Warden of LCIW." (Doc. 1 at 1-2). Plaintiffs also alleged that the Medical Unit Director at LCIW was "John Doe and/or Jane Doe," although this individual was not named as a defendant. (*Id.* at 4). Washington and Gilmore were alleged to be the mother and brother, respectively, of Landry. (*Id.* at 1-2).

The original Complaint alleged that Landry was incarcerated at LCIW beginning on June 16, 2015 and, on May 30, 2016, while she was still incarcerated, she suffered a stroke and informed authorities of her serious medical condition and need for immediate treatment. (*Id.* at 4-

5). It was alleged that, while she was initially brought to the prison infirmary, she was thereafter "ignored and abandoned" until she was released from incarceration on June 6, 2016. (*Id.* at 5-6).

It was further alleged that Rogers was aware of Landry's stroke and "made a cognitive decision not to engage a proper resolution for this inmate." (*Id.* at 8). Similar allegations were made against the Medical Unit Director and a nurse care practitioner at LCIW, although these individuals were not named as defendants. (*Id.* at 9). Plaintiffs charged that this conduct violated 42 U.S.C. §§ 1983, 1985, and 1986 "as well as the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution." (*Id.*). Plaintiffs also alleged liability under "Louisiana Civil Code Articles 2315 and 2316 through the commission of negligence, assault, and the negligent and intentional infliction of emotional distress." (*Id.*). Specific violations of these statutes were enumerated in paragraphs 41 and 42 of the Complaint. (*Id.* at 9-11).

On June 12, 2017, LCIW filed a Motion to Dismiss based on LCIW's sovereign immunity. (Doc. 9; *see also* Doc. 21). While Plaintiffs purported to oppose the motion, Plaintiffs acknowledged that LCIW was entitled to sovereign immunity but asked the Court to exercise supplemental jurisdiction over "pendent [sic] state law claims." (Doc. 15 at 1). In a later filing, Plaintiffs "apologize[d] with sincere respect that [LCIW] was not omitted" as a defendant and "agree[d] to the Dismissal without Prejudice of LCIW." (Doc. 29 at 3-4).

On January 8, 2018, the Court granted LCIW's motion and dismissed Plaintiffs' claims against LCIW without prejudice for lack of jurisdiction. (Doc. 30 at 3). The Court added, "[b]ecause the Motion does not request the dismissal of claims against any defendants other than LCIW, none of Plaintiffs' other claims, whether asserted under federal or state law, are dismissed at this time." (*Id.*).

On July 10, 2017, while the initial Motion to Dismiss was under consideration, Plaintiffs filed their First Amended Complaint, in which the following were expressly added as defendants: Boutte (warden or interim warden of LCIW), "Medical Unit Director Doe" (unit head of medical division at LCIW), "Prejean Doe" (physician at LCIW), "Ross Doe" (nurse care practitioner)[1] and ABC Insurance Company. (Doc. 19 at 2-3). All natural persons were named in both their individual and official capacities. (*Id.*). Defendant Rogers also remained a defendant in both his individual and official capacities. (*Id.* at 2). Plaintiffs' substantive factual allegations and allegations of fault are similar and, in some instances, identical to those in the original complaint.[2]

In the Motion to Dismiss now before the Court, Defendants make essentially two arguments: first, all claims against Rogers, Boutte, Prejean, and Ross in their official capacity should be dismissed based on sovereign immunity, (Doc. 32-1 at 6), and second, all of Plaintiffs' claims have prescribed, (*id.* at 10-11). As to the first contention, Defendants argue that, when a person is sued in his official capacity, such person enjoys the same immunity as the entity for which he is acting and all official capacity claims in this case should therefore be dismissed as effectively against the State of Louisiana. (Doc. 32-1 at 6). As to the second contention, Defendants argue that, although the original Complaint was filed timely, because this Court is not a court of competent jurisdiction, the filing of the complaint did not interrupt the prescriptive period and, in such circumstances, only service on the defendant can do so. (Doc. 32-1 at 10-11 (citing LA. CIV. CODE art. 3462)).

---

[1] The full names of Prejean and Ross are identified in the instant Motion to Dismiss. (Doc. 32-1 at 1).
[2] The Court has not attempted to detail Plaintiffs' substantive allegations in either pleading as these are not important for purposes of deciding the present motion.

## ANALYSIS

Plaintiffs offer little meaningful opposition to or argument concerning Defendants' sovereign immunity argument. The Court finds that the argument is well founded and the official-capacity claims are dismissed without prejudice for lack of jurisdiction. "A suit against a state official in his official capacity is treated as a suit against the state." *Lesley v. Cain*, 2015 WL 1310556 at *2 (M.D. La. Feb. 3, 2015) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)); *see also Turner v. Houma Mun. Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))). As this Court discussed in connection with the first Motion to Dismiss, with exceptions not present in this case, states and their agencies enjoy sovereign immunity barring suit against them in federal court. (*See* Doc. 30 at 2); *see also Raj v. Louisiana State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013) (sovereign immunity bars federal courts from hearing state law claims brought in federal court against state entities).

However, Defendants' arguments based on prescription are without merit. Because there is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, federal courts borrow the forum state's general personal injury limitations period. *Hamilton v. City of Baton Rouge*, 2018 WL 1354461, at *3 (M.D. La. Feb. 28, 2018) (citing, *inter alia*, *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). The Louisiana prescriptive period is one year. *White v. Gousman*, 347 F. App'x 66, 67 (5th Cir. 2009) (citing LA. CIV. CODE art. 3492); *Dugas v. City of Ville Platte*, 2017 WL 6521660, at *5 (W.D. La. Nov. 11, 2017).

The tolling rules for a § 1983 action are also governed by state law. *White*, 347 F. App'x at 68 (citing *Hardin v. Straub*, 490 U.S. 536, 542 (1989)) ("State tolling law is applicable in a

§ 1983 action so long as it is not inconsistent with federal law or policy."). Louisiana law provides that prescription is interrupted against a defendant by the filing of suit against that defendant if the suit is filed in a court of competent jurisdiction and venue. LA. CIV. CODE art. 3462. If the court in which the suit is filed is not one of competent jurisdiction, prescription is interrupted by service of the suit on the defendant. *Id*. A "court of competent jurisdiction" is defined in Louisiana law as "a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding." LA. CODE CIV. PROC. art. 5251(4).

The premise of Defendants' argument is that this Court is not a court of competent jurisdiction, and therefore only service of the suit on Rogers could interrupt the prescriptive period. Defendants argue that this Court is not one of competent jurisdiction because the Court dismissed LCIW based on sovereign immunity. Since service on Rogers was not made until over one year after Landry's stroke, Defendants maintain that the case has prescribed. (Doc. 32-1 at 9-11). Plaintiffs do not address this argument in their brief.[3]

It is clear that this Court is one of competent jurisdiction since it has subject matter jurisdiction of claims arising under the Constitution and laws of the United States, 28 U.S.C. § 1331, precisely the claims made by Plaintiffs against Rogers. Furthermore, Plaintiffs are pursuing state law claims pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367. Thus, this Court is one of competent jurisdiction.[4]

Defendants suggest, without authority, that because the Court did not have jurisdiction over Plaintiffs' claims against LCIW, based on the state's sovereign immunity, the Court also

---

[3] Plaintiffs make various arguments which the Court need not address since, for the reasons expressed, the Court denies the Motion to Dismiss as it pertains to the timeliness of the suit against Rogers.
[4] There is no suggestion in Defendants' motion that the Middle District of Louisiana is not a proper venue. Indeed, Plaintiffs' First Amended Complaint correctly alleges that LCIW is located in Iberville Parish which is in the Middle District. (Doc 19 at 2, 3).

lacked subject matter jurisdiction over § 1983 claims against Rogers in his individual capacity. For the reasons previously given, this argument is without merit, and Plaintiffs' claims against Rogers, made within one year of Landry's stroke, are timely. The First Amended Complaint alleges that the newly added defendants, in their individual capacity, participated in the care rendered to Landry and are therefore solidarily liable with Rogers. (Doc 19 at 3). Thus, the timely filed original Complaint against Rogers interrupted prescription as to these newly added defendants in their individual capacity. LA. CIV. CODE art. 2324(C); *Shepard ex rel. James v. Coleman*, 189 So. 3d 552, 561 (La. App. 3d Cir. 2016); *McKenzie v. Imperial Fire & Cas. Ins. Co.*, 122 So. 3d 42, 49 (La. App. 1st Cir. 2013), *writ denied*, 129 So. 3d 534 (La. 2013).

Accordingly, that portion of Defendants' motion requesting dismissal of Rogers, Boutte, Prejean and Ross in their official capacity is granted. In all other respects, Defendants' motion is denied.

Signed in Baton Rouge, Louisiana, on <u>May 23, 2018</u>.

                                             **JUDGE JOHN W. deGRAVELLES**
                                             **UNITED STATES DISTRICT COURT**
                                             **MIDDLE DISTRICT OF LOUISIANA**